17SL-CC00319

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JEFF LUCAS, | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| vs. | ) |
| | ) Div.: |
| THE SCOTTS COMPANY | ) |
| OF OHIO, LLC, | ) |
| | ) |
| Serve: Registered Agent | ) JURY TRIAL DEMANDED |
|       CT Corporation System | ) |
|       120 South Central Avenue | ) |
|       Clayton, MO 63105 | ) |
| | ) |
| and | ) |
| | ) |
| E.G. SYSTEMS, INC. d/b/a Scotts | ) |
| Lawn Service | ) |
| | ) |
| Serve: Registered Agent | ) |
|       CT Corporation System | ) |
|       120 South Central Avenue | ) |
|       Clayton, MO 63105 | ) |
| | ) |
| Defendants. | ) |

## PETITION

**COMES NOW**, Plaintiff Jeff Lucas (hereinafter "Plaintiff") against Defendants The Scott Company of Ohio, LLC and E.G. Systems, Inc. d/b/a Scotts Lawn Service (hereinafter "Defendants") and states and avers as follows:

1. This claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.* ("MMWL").

1

**EXHIBIT A**

2. Plaintiff alleges Defendants violated the FLSA and MMWL for the three years prior to the filing of this lawsuit by refusing to pay Plaintiff overtime as required by the FLSA and MMWL.

3. Plaintiff is a non-exempt former employee of Defendants who worked more than forty (40) hours a workweek as a lawn care technician for Defendants.

4. Defendants operate as an entity providing lawn care services to customers.

5. Defendants' conduct violated the FLSA and the MMWL, which both require non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. 29 U.S.C. § 207(a), Mo. Rev. Stat. § 290.505.

## JURISDICTION AND VENUE

6. Plaintiff is an individual residing in the State of Missouri. During the relevant period, Plaintiff was employed by Defendants as a lawn care technician in Missouri.

7. Defendant The Scotts Company of Ohio, LLC is a foreign limited liability company doing business in the state of Missouri.

8. Defendant E.G. Systems, Inc. d/b/a Scotts Lawn Service is a foreign corporation doing business in the state of Missouri with its principal place of business in the State of Missouri located in St. Louis County.

9. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of Missouri and established minimum contacts sufficient to confer jurisdiction over said Defendants.

10. Defendants employ workers and contract with residents and businesses in the state of Missouri.

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

11. This cause of action arose from or relates to the contacts of Defendants with Missouri residents, thereby conferring specific jurisdiction over Defendants.

12. This Court has jurisdiction over the subject matter of this action.

13. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.

## PARTIES

14. At all relevant times herein, Plaintiff was an "employee" of Defendants as defined by the FLSA and the MMWL.

15. At all times relevant herein, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all times relevant herein, Defendants have also been an employer within the meaning of the MMWL. Mo. Rev. Stat. § 209.500.

17. Defendants represent themselves as one company to the general public—Scotts—operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to their customers, and use the same business model. Defendants provide the same service product to their customers by using a set formula when conducting business. Part of that set formula is the wage violation alleged in this complaint.

18. Defendants are subject to common control and management.

19. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

20. Defendants formed a joint employment relationship with respect to the Plaintiff.

3

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

21. Defendants had an interrelation of operations between companies, centralized control of labor relations, common control, and a common business purpose.

22. Defendants controlled the hours to be worked by Plaintiff.

23. Defendants had a common business purpose to provide lawn care services to their customers.

## FACTS

24. Defendants provide lawn, tree, and shrub care and maintenance services throughout the United States and Missouri.

25. Defendants employed Plaintiff to perform these services.

26. Lawn care technicians/specialists perform the manual duties of cutting grass, trimming trees and trimming bushes.

27. Plaintiff is not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

28. During all times relevant herein, Defendants compensated Plaintiff pursuant to the "fluctuating work week" ("FWW") method.

29. Defendants improperly implemented the FWW method of pay.

30. Because Defendants did not comply with the law, Plaintiff was paid at rates less than what the law requires and thus, he is owed significant damages.

31. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay (the "half time" premium) for any hours worked over 40 as opposed to paying the employees 1 and ½ times their regular rates of pay.

4

**EXHIBIT A**

32. Under the FLSA, Section 778.144 is the regulation governing the FWW method of pay. Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

33. To utilize the FWW method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

(4) for every hour worked, and

(5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

34. During the relevant time period, Defendants paid Plaintiff supplementary payments and bonuses in addition to his regular salary.

35. The supplementary payments and bonuses that Defendants paid Plaintiff were directly tied to hours worked, days worked, and/or the amount of time that was worked. In fact, the supplementary payments and bonuses were contingent upon hours worked, days worked, and/or the amount of time that was worked.

36. The amount of the supplementary payments and bonuses that Plaintiff received varied from week to week.

5

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

37.     Consequently, the gross amounts that Plaintiff received each week were not fixed, as the law requires.

38.     Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for Plaintiff.

39.     Thus, Plaintiff was paid overtime at rates less than what is mandated under the FWW.

40.     Defendants violated the law because there was no clear and mutual understanding reached between Plaintiff and Defendants. Plaintiff was essentially paid as an hourly employee but without overtime pay at the rate of time and one-half their regular rates of pay for every hour worked over 40 in a week.

41.     Given that Defendants improperly implemented the FWW method, Plaintiff was denied overtime at the rates mandated under the FLSA and MMWL.

42.     Plaintiff received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

43.     Defendants method of paying Plaintiff was in violation of the FLSA and MMWL and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA or the MMWL.

### THE CLASS

44.     Plaintiff restates paragraphs 1 through 43 as though expressly referenced and included by said reference as though set out in full.

45.     The named Plaintiff brings this action as a class action, on his own behalf and on behalf of all others similarly situated, as further defined herein.

6

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

46. Specifically, Plaintiff seeks to represent a class consisting of all current and former employees who were employed by Defendants in the State of Missouri as lawn care technicians whose overtime pay was calculated under the fluctuating workweek method and who suffered or were permitted to work any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all such time they worked. (hereinafter the "Class").

47. The proposed class readily meets the requirements of certification under Rule 52.08. Although the exact number of members of the class is unknown, the proposed class very likely consists of at least twenty employees that have been treated in a similar manner. Common questions of law and/or fact arise from Defendants' conduct of not properly paying overtime compensation. Such questions are common to all Class members and predominate over any questions affecting individual Class members. The common questions of fact and law to all class members are simple:

    a) Whether Class members worked time in excess of forty hours for which they were not paid overtime at the rate of 1.5 times their regular rate of pay for any of the time worked in excess of 40 hours off the clock?

    b) Whether Class members were entitled to be paid at the rate of 1.5 times their regular hourly rate for overtime compensation for the hours worked off the clock?

48. The Defendants have acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final relief with regard to the Class as a whole.

49. Plaintiff understands the nature of the claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class and the undersigned is proper to serve as class counsel.

**EXHIBIT A**

### COUNT I – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW
### (Overtime)

50. Plaintiff restates paragraphs 1 through 49 as though expressly referenced and included by said reference as though set out in full.

51. The named Plaintiff brings this action as a class action, on his own behalf and on behalf of all others similarly situated, pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure.

52. Mo.Rev.Stat. § 290.505 states "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

53. Plaintiff represents a class consisting of all current and former employees who were employed by Defendants in the State of Missouri as lawn care technicians whose overtime pay was calculated under the fluctuating workweek method and who suffered or were permitted to work any hours in excess of forty hours in a workweek and who were not compensated at 1.5 times his or her regular hourly rate for all such time they worked.

54. The proposed class readily meets the requirements of certification under Rule 52.08.

55. Plaintiff and the Class are entitled to damages pursuant to Mo.Rev.Stat. §290.527.

**WHEREFORE**, Plaintiff and all employees similarly situated who do not opt out of this action demand:

A. Judgment against Defendants for damages pursuant to Mo.Rev.Stat § 290.527;

B. All costs and attorneys' fees incurred in the prosecution of these claims;

C. For such other and further relief as this Court deems just and equitable.

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

## COUNT II – VIOLATION OF THE FLSA

56. Plaintiff restates paragraphs 1 through 43 as though expressly referenced and included by said reference as though set out in full.

57. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C §216(b) for damages for any and all hours in excess of forty hours in a workweek in which he worked and was not compensated at 1.5 times his regular hourly rate.

58. Plaintiff brings this claim as an individual claim and not as a collective action.

59. At all times, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, including the right and entitlement to overtime compensation at the rate of one and one-half (1.5) times his "regular rate" of pay for all overtime hours worked.

60. Plaintiff is entitled to his unpaid overtime compensation, liquidated damages, penalties, interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §207 and 216(b).

61. Plaintiff is entitled to the unpaid compensation and liquidated damages owed to him/her, and other relief available under the FLSA beginning three years immediately preceding commencement of this action as provided by 29 U.S.C. §§216(b) and 255.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following:

A. A declaratory judgment declaring that the Defendants have willfully, recklessly and wrongfully violated its statutory and legal obligations and deprived Plaintiff of his rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled;

9

**EXHIBIT A**

Electronically Filed - St Louis County - January 24, 2017 - 02:36 PM

C. Judgment against the Defendants awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages, plus interest as allowed by law;

D. Reasonable attorneys' fees;

E. Costs and disbursements of this action; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

ENGELMEYER & PEZZANI, LLC

By: /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900
tony@epfirm.com
Timothy A. Engelmeyer, #37845
tim@epfirm.com
13321 N. Outer Forty Road, Ste. 300
Chesterfield, MO 63017
Phone: 636-532-9933
Fax:   314-863-7793

**EXHIBIT A**