UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFF LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:17-cv-00813 |
| THE SCOTTS COMPANY OF OHIO, LLC, | ) |
| and EG SYSTEMS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT**

COMES NOW Plaintiff Jeff Lucas, (hereinafter "Plaintiff"), by and through counsel, and for his Memorandum in Support of the Motion for Approval of Settlement, states as follows:

**I. BACKGROUND**

On January 24, 2017, Plaintiff Jeff Lucas ("Plaintiffs") filed suit in the Circuit Court of St. Louis County against Defendants The Scotts Company, LLC and E.G. Systems, Inc. d/b/a Scotts Lawn Service (the "Defendants"). Plaintiff alleged that the Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.* ("MMWL") by failing to properly pay Plaintiff overtime compensation. On March 2, 2017, the Defendants removed this matter to the United States District Court, Eastern District of Missouri.

Plaintiff was employed as a lawn care technician by the Defendants and was compensated pursuant to a "fluctuating work week" method. Plaintiff alleged that the FWW method of pay was improperly implemented based in part upon supplementary payments paid by the Defendants to the Plaintiff. Defendants filed an Answer alleging that the FWW method of

1

pay was properly implemented on behalf of the Plaintiff and that as a result, Plaintiff was properly paid at all times and not entitled to any damages.

After Plaintiff filed suit, the parties engaged in settlement discussions. The settlement discussions included the voluntary production of information by the parties. The parties were able to reach a resolution, and the Defendants have agreed to pay Plaintiff the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) in full resolution of Plaintiff's claims (the "Settlement").

Plaintiff now seeks approval of the Settlement from this Court

## II.   THE SETTLEMENT MEETS THE REQUIREMENTS FOR APPROVAL

The Settlement in this matter meets the criteria for approval by this Court.

Court approval of this settlement is necessary to effectuate a valid and enforceable release of Plaintiff's MMWL and FLSA claims. See Copeland v. ABB, Inc., 521 F.3d 1010, 1014 (8th Cir. 2008). When an employee brings suit directly against a private employer for violation of a wage statute, as is the case here, a settlement agreement and dismissal with prejudice is appropriate as long as the court is satisfied that the settlement was "reached in adversarial proceedings" and "represents a fair and equitable compromise" of a bona fide dispute. Hill v. World Wide Technology Holding Co., Inc., 2012 WL 5285927, *1 (E.D. Mo. Oct. 25, 2012); Simmons v. Enterprise Holdings, Inc., 2012 WL 2885919 *1 (E.D. Mo. July 13, 2012); Delp v. Jobhog, Inc., No. 2013 U.S. Dist. LEXIS 68771, at *1-2 (W.D. Mo. May 15, 2013).

"To approve a FLSA settlement, the Court must find that: 1) the litigation involves a bona fide dispute; 2) the proposed settlement is fair and equitable to all parties concerned; and 3)

the proposed settlement contains an award of reasonable attorney fees." Id.  As discussed herein, the Settlement negotiated by the Parties clearly meets this standard.

      **(a)**    **The Action Involves a Bona Fide Dispute Reached in an Adversarial Proceeding**

Generally, when settlement results from an arm's-length negotiation during adversarial proceedings, there is a presumption that the settlement is fair and reasonable.  See In re Charter Commc'ns, Inc., 2005 WL 4045741 (E.D. Mo. June 30, 2005).

First, it is readily apparent that this action involves a bona fide dispute.  While it is Plaintiff's position that the Defendants failed to properly pay Plaintiff overtime compensation, it is Defendant's position that it paid Plaintiff for all hours worked and in accordance with the applicable laws.

Each party is represented by experienced counsel who has vigorously defended their respective positions.  With the understanding that this matter would be costly to litigate, the parties engaged in settlement discussions. There is no question that the Settlement results from arm's-length negotiations during an adversarial proceeding.

      **(b)**    **Settlement is a Fair and Equitable Compromise**

In determining whether a particular settlement is fair, reasonable, and adequate, the Eighth Circuit considers four factors: (1) the merits of the case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005).

In considering the first factor, the strength of the plaintiff's case on the merits balanced against the terms of the settlement, the temptation to conduct a full trial on the merits must be resisted.  See Gruinin v. Int'l House of Pancakes, 513 F.2d 114, 123-24 (8th Cir. 1975) ("neither

3

the trial court in approving the settlement nor this Court in reviewing the approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute.")

The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d at 933.

In this case, there was risk to Plaintiff as the legal analysis of the FWW continues to evolve, and requires a highly factual analysis by the Court.  Most specifically, courts have found that employers can lawfully pay certain performance-based bonuses and commissions without running afoul of the FWW regulation. See Lalli v. General Nutrition Centers, Inc., 814 F.3d 1, 3 (1st Cir. 2016); Wills v. RadioShack Corp., 981 F. Supp. 2d 245 (S.D.N.Y. Nov. 7, 2013); Switzer v. Wachovia Corp., No. H-11-1604, 2012 U.S. Dist. LEXIS 120582, at *6 (S.D. Tex. Aug. 24, 2012); Soderberg v. Naturescape, Inc., Civil No. 10-3429, 2011 WL 11528148 (D. Minn. Nov. 3, 2011).  Defendants maintained their compensation structure was consistent with this line of rulings, and that therefore, Plaintiff's claim would fail as a matter of law.

Given the uncertainty and risk to Plaintiff, the Settlement is fair when balanced against the merits of the case.  The Settlement provides Plaintiff with his alleged damages over a two year period, and thus, a reasonable compromise based upon the risks faced in the litigation.

Furthermore, public policy also favors approval of the Settlement. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1148 (8th Cir. 1999) ("[a] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor").  This is especially the case when substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. See Charter Commc's, 2005 WL 4045741.  Indeed, were it not for

4

this Settlement, the parties would continue to vigorously litigate the action, which would require substantial written discovery and depositions, time, and expense.  Future motions and a potential trial would require a considerable amount of time, energy, and resources for both parties as well as this Court.  When balanced against the time and costs associated with continued litigation, the immediate recovery provided to the Plaintiff with this Settlement favors a determination that the Settlement is fair and reasonable.

Finally, the Settlement provides for a fair and reasonable attorneys' fee.  The Settlement provides for an attorneys' fee award that represents approximately one-third of the settlement amount to the Plaintiff.  The case was handled on a contingency fee, and the fee is reasonable under the circumstances.  See Bachman v. A.G. Edwards, Inc., 344 S.W.3d 260 (Mo. App. E.D. 2011) citing In re Rite Aid Corp. Secs. Litig., 146 F.Supp.2d 706, 735 (E.D. Pa. 2001)(noting that in a study of 289 settlements ranging from under $1 million to $50 million, the average attorney's fee percentage is 31.71%, and the median is 33.3%).

For all of the foregoing reasons, the Settlement agreed to by the parties is fair and adequate and should be fully and finally approved.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff desires to fully, finally, and forever settle, compromise, and discharge the claims asserted in this action and believes that the Settlement reached is fair, adequate, and in the best interest of the Plaintiff.  Plaintiff therefore respectfully requests the Court enter an Order:

    i.    Granting approval of the Settlement reached in this action;

    ii.    Dismissing the action with prejudice;

    iii.    Entering such other and further orders as the Court deems just and proper.

**ENGELMEYER & PEZZANI, LLC**

By: /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
Timothy A. Engelmeyer, #39941MO
*tim@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 Phone
(314) 863-7793 Facsimile

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 20th day of September, 2017, the foregoing was served via the Court's e-filing system upon all attorneys of record.

/s/ Anthony M. Pezzani